CHARLES NOLAN v. W. W. MUNDINE.

Decided February 23, 1904.

**Limitation—Possession.**

   Possession will not sustain the bar of the ten years statute of limitation where one fenced other lands with his own, not giving notice of the extent of the particular tract he claimed adversely, and subsequently, but too late to complete the ten years bar, segregated and claimed by inclosure the tract in controversy.

Appeal from the District Court of Galveston. Tried below before Hon. Robt. G. Street.

*Maco & Minor Stewart,* for appellant.

*Kleberg & Neethe* and *Clay S. Briggs,* for appellee.

GILL, ASSOCIATE JUSTICE.—This was an action of trespass to try title instituted by W. W. Mundine against Charles Nolan to recover 175 acres of land, a part of the Alexander Farmer league in Galveston County. The defendant pleaded not guilty and the five and ten years statutes of limitations. On the trial the contest became one of boundary, and the court sitting without a jury rendered judgment for plaintiff for all the land in controversy. On this appeal the defendant seeks to assail the rulings of the trial court in matters affecting the issues of title, of boundary and of limitation.

Inasmuch as the assignments addressed to matters affecting title and the boundary question do not require our consideration, we deem it unnecessary to set out the facts bearing upon those issues. On that of limitation they may be stated briefly as follows:

The Farmer league is based on the south margin of Dickinson Bayou extending thence in a southerly direction, its length and width giving it a slight excess in acreage.

Nearly fifty years ago one James Converse, a civil engineer, subdivided into lots the northern part of the league, numbering them from 1 on the east side of the subdivisions to 11 on the west margin of the league.

April 12, 1868, Farmer conveyed to T. H. Mundine, under whom the plaintiff claims, lots 7, 8, 9 and 10 of the subdivision, describing the land by metes and bounds. The description called for the northwest corner of lot 6 as its beginning corner and the west line of No. 6 as a part of its eastern boundary. A continuation of the west line of No. 6 south constituted the entire east boundary of the Mundine survey. It did not include lot No. 11 in the northwest corner of the league, as that had been previously sold to one Nelson.

The judgment of the trial court includes a finding that plaintiff showed title, and for the reason above given we shall not disturb the finding, nor do we deem it necessary to set out the title in detail.

The defendant Nolan subsequently acquired by conveyances from and under Farmer the southern part of the league and later acquired lot No. 6 from the heirs of one Hubele, who had bought from Farmer. The land thus acquired is described as lot 6 of the Converse subdivision and names 187 acres as the acreage. If the land in controversy be added to No. 6 it would add largely to its area.

In 18— Nolan inclosed by fence his entire holdings in the league but included also in his inclosure a part of the Austin league on the west, the Nelson purchase and the entire Mundine tract. He never at any time claimed the Mundine tract and there were other lands in his inclosure he did not claim. Subsequently, but too late to complete the ten-year bar, he reconstructed his fence so as to place it on what he claims as the west line of the lot No. 6, thus segregating the 175 acres in controversy from the remainder of the Mundine survey. This 175 acres he testifies he always claimed, but it is plain from the record that nothing occurred while the entire Mundine property was within his inclosure to put Mundine on notice of the extent or boundaries of the land he claimed adversely. That such possession will not sustain the bar of ten years is too well settled to admit of discussion.

The five-year bar has no application for the obvious reason that the undisturbed finding of the court establishes that the 175 acres in controversy were not included in any of his deeds.

No error is presented which should operate to reverse the judgment. It is therefore in all things affirmed.

*Affirmed.*

Writ of error refused.